UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CRIMINAL ACTION NO. 3:21-CR-135-CRS

UNITED STATES OF AMERICA                                                                            PLAINTIFF

v.

STEVEN ROBINSON                                                                                             DEFENDANT

### MEMORANDUM OPINION & ORDER

This matter is before the court for consideration of defendant Steven Robinson's *pro se* Motions for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), DN 30, and for preservation of his right to challenge the constitutionality of his 18 U.S.C. § 922(g)(1) conviction, DN 33. For the reasons stated below, both Motions will be denied.

### I. Motion for a Sentence Reduction

Robinson is serving a 37-month sentence at the Federal Correctional Institute Beckley for possessing a firearm as a felon—a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). DN 28. Robinson was indicted in October 2021, DN 1, and he pleaded guilty on June 29, 2022. DN 23. The United States agreed to recommend a sentence at the lowest end of the applicable sentencing guideline range in exchange for Robinson's guilty plea. DN 32 at PageID# 120.

At the time of sentencing, Robinson's total offense level was 21 and his criminal history category was III, so the applicable guidelines range was 46–57 months. DN 25 at PageID# 96. A defendant, like Robinson, attains a category III criminal history where he accrues between four to six criminal history points. Robinson's category III criminal history was composed of four criminal history points for prior convictions and two criminal history points for committing the charged offense while serving a separate criminal justice sentence. *Id.* at PageID# 89. In the end, after

considering the 18 U.S.C. § 3553(a) sentencing factors, the court sentenced Robinson below the guideline range to 37 months' imprisonment. DN 28; DN 29.

After Robinson was sentenced, the U.S. Sentencing Commission amended the sentencing guidelines to remove the automatic addition of two criminal history points when a defendant commits an offense while serving out a separate criminal justice sentence—defined as probation, parole, supervised release, imprisonment, work release, or escape status. U.S. SENT'G COMM'N, AMENDMENTS TO THE SENTENCING GUIDELINES 43–44 (Nov. 2023). Under the amended U.S.S.G. § 4A1.1(d), one—not two—criminal history point is added where the defendant "(1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence[.]" *Id.* Where those conditions are not met, no additional criminal history points accrue.

Robinson argues that, because he received two criminal history points for having committed the charged offense while serving a criminal justice sentence, his sentence must be reduced in light of the amendment to § 4A1.1(d). Robinson did not receive seven or more criminal history points; thus, it is true that, under the amended § 4A1.1(d), Robinson would not have received an additional criminal history point for having committed the charged offense while serving out a criminal justice sentence. But such does not impact Robinson's criminal history category, nor his guideline range. Again, a category III criminal history is attained where one accrues between four to six criminal history points. At sentencing, Robinson had a total of six criminal history points. Subtracting the two criminal history points that Robinson accrued for committing the offense while serving out a criminal justice sentence would reduce his total point accumulation from six to four. However, even with four criminal history points, Robinson remains at a category III criminal history—so the applicable sentencing guideline is unchanged.

That said, the court's analysis is not over. "This Court has repeatedly been advised by the United States Court of Appeals for the Sixth Circuit that post-sentence conduct is relevant to the Court's determination whether a reduction in sentence should be granted," so district courts must give a "complete review" to a motion for sentence reduction. *United States v. Perkins*, 539 F. Supp. 3d 719, 727 (W.D. Ky. 2021) (collecting cases).

Robinson advises that while incarcerated, "his focus has been on rehabilitation, as he seeks a fresh start and an opportunity to rejoin his family and community and become a productive member of society." DN 30 at PageID# 117. It is laudable that Robinson is motivated to improve himself and his circumstances when he is released. The court "note[s], too, that good conduct is expected and rewarded in the prison system." *Perkins*, 539 F. Supp. 3d at 727. However, aside from his intention to rehabilitate, Robinson offers nothing more in terms of post-conviction conduct. *See* DN 30.

In imposing Robinson's sentence, the § 3553(a) factors were thoroughly and carefully considered, including, among other things, the severity of the offense and Robinson's history and characteristics. In so doing, the court found that a sentence of 37-months—nine months below the guidelines' minimum sentence recommendation—was sufficient but not greater than necessary to promote respect for the law, to reflect the seriousness of the offense, to deter future criminal conduct, to protect the public, and to serve as just punishment for the offense. Revisiting the § 3553(a) factors, the court finds nothing to call into question the initial determination of the appropriate sentence. Thus, there is no ground to justify any reduction in Robinson's sentence. Accordingly, the court will deny Robinson's Motion for a sentence reduction.

## II. Motion to Preserve 18 U.S.C. § 922(g) Issue

Robinson filed a Motion titled: "Motion to Preserve 18 U.S.C. 922(g) Issue That is Sure to Reach the United States Supreme Court". DN 33 at PageID# 123. Specifically, Robinson seeks to "preserve a right to challenge the constitutionality of his 18 U.S.C. 922(g)(1) conviction and sentence." *Id.* Robinson alludes to "cases now pending before the United States Supreme Court" relevant to the issue, though he does not identify them. Presumably, Robinson is referring to *United States v. Rahimi*, No. 22-915 (2024), which concerns the facial constitutionality of § 922(g)(8). Robinson seeks the following relief: "that he be afforded an opportunity to preserve this issue" because he has "a liberty stake in the evolving laws" surrounding § 922(g). *Id.* at PageID# 123. The Motion will be denied for two reasons.

First, there is no such thing, at least in the federal court system, as a post-judgment motion to preserve an issue for later review. The ordinary means for challenging the constitutionality of a conviction or sentence of this court is on direct appeal to the U.S. Court of Appeals for the Sixth Circuit. Another means is to collaterally attack the constitutionality of the sentence imposed by the court in a motion for a writ of habeas corpus, subject to compliance with all procedures and limitations set forth in 28 U.S.C. § 2255.

Second, Robinson "knowingly and voluntarily" waived the right to directly appeal or collaterally attack his conviction and sentence, aside from "claims of ineffective assistance of counsel or prosecutorial misconduct." DN 21 at PageID# 46. Indeed, Robinson "specifically waive[d] on appeal or in a collateral attack any argument that . . . the statute to which" he pleaded guilty, § 922(g)(1), "is unconstitutional". *Id.* at PageID# 47. Thus, Robinson did not preserve the right to challenge the constitutionality of § 922(g)(1) on either direct appeal or by collateral attack.

### III. Conclusion

For the reasons expressed in section I above, Robinson's Motion, DN 30, for a sentence reduction must be and hereby is **DENIED**. Further, for the reasons expressed in section II above, Robinson's Motion, DN 33, to preserve an issue for later review, must be and hereby is **DENIED**. There being no just reason for delay in its entry, this is a final and appealable order.

**IT IS SO ORDERED**.

April 17, 2024

Charles R. Simpson III, Senior Judge
United States District Court